# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 20-cv-02365-RM-NYM

JOSEPH RADTKE,

 Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

 Defendant.

## ORDER

  This matter is before the Court on the September 30, 2020, recommendation of United States Magistrate Judge Nina Y. Wang (ECF No. 23) to deny Defendant Experian Information Solutions, Inc.'s ("Experian") motion to dismiss the complaint. Experian has filed an objection to the magistrate judge's recommendation (ECF No. 24). For the reasons stated below, the Court overrules Experian's objection and accepts and adopts the recommendation, which is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**I.**  **LEGAL STANDARDS**

  Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th

Cir. 1991).

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

Plaintiff proceeds pro se; thus, the Court liberally construes his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the Court does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II.     BACKGROUND

On July 15, 2020, Plaintiff Joseph Radtke ("Plaintiff"), proceeding pro se, filed a complaint in the County Court of Jefferson County, Colorado alleging that Experian violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. On August 10, 2020, Experian removed this matter to this District pursuant to 28 U.S.C. §1331.

The factual allegations in the complaint are brief. The gist of Plaintiff's claim is that after "repeated demands," Experian failed to verify the accuracy of information on his consumer report. (ECF No. 2.) Plaintiff contends that these inaccuracies caused financial harm, for which he seeks monetary damages. (*Id.*)

On August 17, 2020, Experian filed a motion to dismiss (ECF No. 8), which was referred to the magistrate judge for recommendation. The magistrate judge recommended to deny Experian's motion. Experian's objection followed, arguing that the recommendation incorrectly found Plaintiff has stated a claim under the FCRA.

**III. ANALYSIS**

15 U.S.C. § 1681e(b) requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." To prevail on a claim under this Section, Plaintiff must "establish that: (1) [Experian] failed to follow reasonable procedures to assure the accuracy of its reports; (2) the report in question was, in fact, inaccurate; (3) [Plaintiff] suffered injury; and (4) [Experian's] failure caused his injury." *Eller v. Trans Union, LLC*, 739 F.3d 467, 473 (10th Cir. 2013) (citation omitted).

In like manner, to prevail on a claim under §1681i(a), Plaintiff "must prove essentially the same elements as those for a § 1681e(b) claim—unreasonable procedures in reinvestigating a report, inaccuracy of the report, injury, and causation—in addition to proving [he] informed [Experian] about the inaccuracy." *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1242 (10th Cir. 2015).

Plaintiff alleges that his credit score has been negatively impacted as a result of Experian inaccurately including certain accounts on his consumer report. Specifically, in his complaint, Plaintiff identified the following seven accounts which ought to be verified: (1) CW S/CW Nexus; (2) JPMCB Home; (3) Resurgent/LVNV Funding; (4) Dept of Health and Human Services; (5) US Dept of Education: (6) Best Service Sompany [sic]; and (7) Link Debt Recovery LLC. (ECF No. 2 at 2.) Plaintiff made repeated demands that Experian verify the

3

enumerated accounts.  (*Id.*)

In its motion to dismiss, Experian argues that the FCRA does not require credit reporting agencies, such as itself, to verify specific accounts before including them in a consumer report. (ECF No. 8 at 2.)  In response, Plaintiff argues that the FCRA imposes a duty on credit reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates," 15 U.S.C. § 1681e(b), and to "conduct a reasonable reinvestigation" to determine the accuracy of the disputed information, *id.* § 1681i(a)(1)(A).  (ECF No. 22.)

*Experian's Objection*.  Experian objects to the magistrate judge's recommendation that its motion to dismiss be denied on the grounds that it found Plaintiff's allegations are sufficient to state a claim under the FCRA.  Experian argues that the recommendation (1) misconstrued the complaint as it is insufficient to provide Experian notice of the claims against it, and (2) misinterpreted the meaning of the term "verified" as used in the complaint.  (ECF No. 24 at 2-3.)

Turning to Experian's first argument, whether the magistrate judge improperly determined that the complaint articulates a claim with sufficient clarity to allow Experian to respond, the Court finds no basis for sustaining the objection.

As the magistrate judge recommended, the complaint suggests that Plaintiff disputed the accuracy of several accounts Experian listed on his consumer report.  This demonstrates that the complaint specifies which information was unverified or inaccurately reported and by whom. Plaintiff claims that the alleged conduct violated the FCRA, generally, and in his response to the motion to dismiss, provided citations to the subsections of the FCRA which Experian allegedly violated.  Liberally construing the pleadings in Plaintiff's favor, the Court can reasonably infer that Experian's conduct purportedly violated 15 U.S.C. §§ 1681e(b) and 1681i(a)(1).  Thus, the

4

Court agrees with the recommendation and finds the allegations are sufficient to state a claim under the FCRA. *See, e.g., Berkery v. Equifax Info. Servs. LLC*, 429 F. Supp. 3d 24, 32 (E.D. Pa. 2019) (denying a motion to dismiss because a pro se plaintiff's "allegations . . . meet the lenient standards of notice pleading" where the complaint alleged that the consumer reporting agency included inaccurate information on his credit report causing substantial harm); *Collins v. Experian Credit Reporting Serv.*, No. 3:04CV1905(MRK), 2005 WL 2042071, at *5 (D. Conn. Aug. 24, 2005); (denying a motion to dismiss where a pro se plaintiff alleged which information was "inaccurately reported in his credit report," how it was inaccurate and "that he was harmed by these inaccuracies").

With respect to Experian's next argument that the magistrate judge failed to correctly interpret the allegations in the complaint based on letters Plaintiff sent Experian, the Court has reviewed the complaint and documents referenced therein and finds no basis for sustaining the objection.[1]

The letters referenced in the complaint indicate that when Plaintiff demanded certain accounts on his consumer report be verified for accuracy, he sought for Experian to provide him with the "original Consumer Contract with [his] signature on it." (*See, e.g.,* ECF No. 15 at 6.) It is Experian's position that because Plaintiff requested it verify certain accounts by providing the original consumer contract, a document not mandated by the FCRA to be furnished to consumers, Plaintiff failed to state a claim under 15 U.S.C. § 1681(g). That subsection refers to a consumer's right to the disclosure of information in a credit reporting agency's file pertaining

---

[1] The Court will typically "only consider facts alleged within the complaint" when deciding a 12(b)(6) motion, but there are two exceptions to that rule; the Court may consider: (1) "mere argument contained in a memorandum in opposition to dismiss" and (2) "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Cty. of Santa Fe, N.M. v. Pub. Serv. Co. of New Mexico*, 311 F.3d 1031, 1035 (10th Cir. 2002) (quotation and citation omitted).

to the consumer. *See generally* 15 U.S.C. § 1681(g). However, construing the letters in a light most favorable to Plaintiff, it is plausible that he was merely requesting the accuracy of accounts on his report be verified by some means, such as original creditor documentation.

Based on the pleadings and subsequent briefing, there is no indication that Experian attempted to verify the accuracy of accounts listed in the complaint, or that it had concluded those accounts were correctly reported. In short, these letters notified Experian of inaccuracies in Plaintiff's report which it declined to investigate or remove. Drawing all inferences in Plaintiff's favor, Plaintiff has alleged a plausible right to relief. *See, e.g., Selph v. Equifax Credit Bureau*, No. CIV 18-0115 RB/KBM, 2018 WL 4100946, at *3 (D.N.M. Aug. 28, 2018) (denying a motion to dismiss claims under 15 U.S.C. §§ 1681e(b) and 1681i(a)(1) where, "while unartfully pleaded," pro se plaintiff's complaint contained "allegations sufficient to show that [plaintiff] notified Defendants of inaccuracies in his report, Defendants failed to investigate or correct the inaccuracies, and [plaintiff had] been injured by the continued use of his confidential information because Defendants [had] failed to address the inaccuracies in his credit report").

The Court finds, accepting as true the facts alleged in the complaint, Plaintiff has stated a plausible claim for releif on the factual basis that Experian's report relating to Plaintiff simply contained inaccurate information and Plaintiff notified Experian of as much. Accordingly, Experian's objection is overruled.

## IV. CONCLUSION

Based on the forgoing, the Court **ORDERS** as follows:

1. Experian's objection (ECF No. 24) is OVERRULED;
2. The magistrate judge's recommendation (ECF No. 23) is ACCEPTED and ADOPTED; and

3. Experian's motion to dismiss (ECF No. 8) is DENIED.

DATED this 31st day of March, 2021.

                                                     BY THE COURT:

                                                     _____
                                                   RAYMOND P. MOORE
                                                   United States District Judge